UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PAMELA WIMBISH and PATRICIA ONKEN,<br><br>    Plaintiffs,<br><br>v.<br><br>IBM, INC.,<br><br>    Defendant. | Case No. 7:23-cv-08327-CS |

# **STIPULATED PROTECTIVE ORDER**

WHEREAS, the undersigned parties[1] have agreed to, and the Court approves, the following terms governing confidential information, IT IS HEREBY ORDERED THAT:

1.    As used herein:

    a.    "Designating Party" shall mean any party to this action designating material as CONFIDENTIAL or ATTORNEYS' EYES ONLY.

    b.    "Non-Designating Party" shall mean the party to this action and/or any non-party receiving material marked as CONFIDENTIAL or ATTORNEYS' EYES ONLY.

2.    Counsel for any party may designate any document, information, or tangible thing, in whole or in part, as confidential if counsel determines, in good faith, that such designation is necessary to protect the interests of the client or non-party individuals. Confidential information and documents designated by a party as confidential will be stamped "CONFIDENTIAL." Such information and documents are referred to herein as "Confidential Information."

---

[1] Defendant International Business Machines Corporation is incorrectly named "IBM, Inc." in the case caption.

3. Counsel for either party may designate as "ATTORNEYS' EYES ONLY" any non-public information, documents, or tangible things produced or exchanged in the course of discovery proceedings in this case when such party in good faith believes that such material contains trade secrets or other highly confidential personal or proprietary information, the disclosure of which is likely to cause significant competitive harm or other disadvantage to the Designating party or to non-party individuals. Such materials shall be stamped "ATTORNEYS' EYES ONLY." Such information and documents are referred to herein as "Attorneys' Eyes Only Information."

4. "CONFIDENTIAL" and "ATTORNEYS' EYES ONLY" designations may be made as follows:

    a. For information in documentary form (other than depositions or transcripts), counsel may make confidentiality designations by stamping or labeling the first page of each such document CONFIDENTIAL or ATTORNEYS' EYES ONLY or by any other reasonable means of giving notice of the party's intent to claim protected status of the material in question;

    b. For testimony or exhibits offered in a deposition or other proceeding, counsel may make confidentiality designations by notifying opposing counsel on the record during or at the conclusion of the proceeding that the information provided in the deposition or other proceeding is considered CONFIDENTIAL or ATTORNEYS' EYES ONLY and that the transcript (or portions thereof) shall be subject to the provisions of this Order. In addition, a party may make confidentiality designations up to thirty (30) days after receipt of the final transcript, and the information shall be treated as Attorneys' Eyes

Case 7:23-cv-08327-CSS Document 2451 Filed 04/30/24 Page 2 of 10

Only until such designation is made or the thirty (30) day period expires (whichever occurs first).

    c.    For information or items produced in other forms, counsel may make confidentiality designations by stamping or labeling the exterior of the container(s) in which the information or item is stored as CONFIDENTIAL and/or ATTORNEYS' EYES ONLY; by including the terms CONFIDENTIAL and/or ATTORNEYS' EYES ONLY in the title of an electronic document; or by any other reasonable means of providing notice of the designations.

5.    The Confidential Information and Attorneys' Eyes Only Information disclosed will be held and used by the person receiving such information solely for use in connection with the above-captioned action. For the avoidance of doubt, Confidential Information and Attorneys' Eyes Only Information may not be used by either party in connection with any other action.

6.    Where a Non-Designating Party asserts a challenge to the CONFIDENTIAL or ATTORNEYS' EYES ONLY designations assigned to a document produced by the Designating Party, the parties shall make a good faith effort to resolve the dispute within seven (7) days, and in the absence of a resolution within that period, the Non-Designating Party may seek resolution by the Court. All documents or information that are the subject of the CONFIDENTIAL or ATTORNEYS' EYES ONLY designation shall remain treated as Confidential or Attorneys' Eyes Only Information unless and until otherwise ordered by the Court or upon mutual agreement of the parties. Nothing in this Protective Order constitutes an admission by any party that Confidential Information and Attorneys' Eyes Only Information disclosed in this case is relevant or admissible. Each party reserves the right to object to the use or admissibility of the Confidential and/or Attorneys' Eyes Only Information.

7.  Documents designated as "CONFIDENTIAL" shall not be disclosed to any person, except:

    a.  A party to the action, including Pamela Wimbish and Patricia Onken, so long as those persons agree to comply with and be bound by the terms of this Order; and counsel, including in-house counsel, so long as in-house counsel agrees to comply with and be bound by the terms of this Order;

    b.  Employees of such counsel to a party to the action assigned to and necessary to assist in the litigation;

    c.  Consultants or experts assisting in the prosecution or defense of the matter, to the extent deemed necessary by counsel to a party to the action;

    d.  The principals, officers, agents, and employees of Defendant whom Defendant believes in good faith have a need to review such documents or information, so long as those persons agree to comply with and be bound by the terms of this Order;

    e.  Any witness testifying in court or deponent or intended deponent in this matter, provided, however, that such person agrees to be bound by the terms of this Order and provided that such person shall not be permitted to retain copies of such Confidential Information;

    f.  Court reporters or stenographers assigned to transcribe trial or deposition proceedings conducted in this action;

    g.  The Court, Court personnel, any mediator, or the meditator's supporting personnel assigned to this matter; and

    h.  Any other person whom the Designating Party agrees in writing may have access to such discovery material.

8. Documents designated as "ATTORNEYS' EYES ONLY" shall not be disclosed to any person, except:

    a. Counsel of record for the parties;

    b. Employees of such counsel of record for the parties assigned to and necessary to assist in the litigation;

    c. Consultants or experts assisting in the prosecution or defense of the matter, to the extent deemed necessary by counsel;

    d. Witnesses testifying in court or deponents in this action who, on the face of the Attorneys' Eyes Only Information, appear to have authored or received the information; provided, however, that such person agrees to be bound by the terms of this Order and provided that such person shall not be permitted to retain copies of such Attorneys' Eyes Only Information;

    e. The Court, Court personnel, any mediator, or the meditator's supporting personnel assigned to this matter; and

9. Prior to disclosing or displaying the Confidential Information or Attorneys' Eyes Only Information to any person referred to in paragraphs 7(c), 7(e), 7(f), or 8(c) above, counsel must:

    a. Inform the person of the confidential nature of the information or documents;

    b. Inform the person that this Court has enjoined the use of the information or documents by him/her for any purpose other than this litigation and has enjoined the disclosure of the information or documents to any other person; and

    c. Require each such person to agree in writing to be bound by the terms of this Order by executing the attached Agreement to be Bound by Protective Order.

Case 7:23-cv-08327-CSS Document 451 Filed 04/30/2024 Page 5 of 10

10. The disclosure of a document or information without designating it as CONFIDENTIAL or ATTORNEYS' EYES ONLY shall not constitute a waiver of the right to designate such document or information as Confidential Information or Attorneys' Eyes Only Information. If so designated, the document or information shall thenceforth be treated as Confidential Information or Attorneys' Eyes Only Information subject to all the terms of this Order.

11. A party in receipt of materials designated by another party as CONFIDENTIAL or ATTORNEYS' EYES ONLY shall not file such materials in the public record unless the Designating Party agrees that the CONFIDENTIAL or ATTORNEYS' EYES ONLY material can be filed in the public record. To the extent the Designating Party does not agree that material designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY may be filed in the public record, the Non-Designating Party must file a motion or letter motion making a provisional request to file the material under seal pursuant to the procedures set forth in Section 6 of the U.S. District Court for the Southern District of New York Electronic Case Filing Rules & Instructions ("ECF Rules"). The portions of any pleadings, motion papers or other papers that contain summaries or quotations of any material designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY shall also be filed under seal in accordance with this Court's ECF Rules, Section 6. The Designating Party shall then file, within two (2) weeks after the filing of the aforementioned letter motion, a letter motion for approval to permanently seal or redact the materials. In the event that documents are filed under seal, the parties agree to also comply with the Local Rules of the United States District Court for the Southern District of New York ("Local Civil Rules"), Rule 11 of Judge Cathy Seibel's Individual Practices, and the Court's Standing Order, 19-MC-00583, concerning filing the appropriate supporting documents to submit materials under seal. The parties agree to redact all information identified by Federal Rule of Civil Procedure 5.2(a). The parties also agree to redact

all personal and unique identifiers including former and current non-party IBM employees or job applicants' names, serial numbers, candidate reference numbers, email addresses, home addresses, and phone numbers, from any document filed in the public record.

12.     Any material subject to this Order, and which is otherwise admissible, may be used at trial; provided, however, that the parties agree that they will work with the Court to identify trial procedures that will protect and maintain the non-public nature of material subject to this Order. Prior to the use at trial of material subject to this Order, all stamps, labels, or other designations placed on the material pursuant to this Order shall be removed.

13.     The inadvertent or unintentional disclosure by any party of documents or information protected from discovery as an attorney-client communication, work product or otherwise protected under Federal Rule of Civil Procedure 26 (the "Privileged Material"), regardless of whether the information was designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY at the time of disclosure, shall not be deemed a waiver in whole or in part of that disclosing party's claim of privilege, either as to the specific documents or information disclosed or as to any other documents or information relating thereto or on the same or related subject matter. The recipient of such Privileged Material shall, upon recognizing its status, or within three (3) days from a demand (the "Demand") by the disclosing party, whichever occurs first: (i) return it, without retaining any copy of it; (ii) destroy all summaries, notes, memoranda or other documents (or the portions thereof) referring to such Privileged Material; and (iii) not use such documents containing Privileged Material for any purpose until further order of the Court. If the receiving party disputes the disclosing party's Demand, the matter shall be presented by the disclosing party to the Court for resolution pursuant to Local Civil Rule 37.2. Further, if the recipient has already shared such Privileged Material prior to recognizing its protected status or prior to a Demand for its return, that

recipient shall promptly notify the other affected persons, and collect and return all copies, and confirm that the Privileged Material is destroyed.

14. At the conclusion of litigation (through entry of judgment or order dismissing the case, entry of stipulation of dismissal, or otherwise) the Confidential Information and Attorneys' Eyes Only Information and any copies thereof shall be promptly (and in no event later than thirty (30) days after conclusion of the litigation) returned to the producing party or certified as destroyed.

15. In the event that a receiving party receives a subpoena or other lawful demand for Confidential or Attorneys' Eyes Only Information belonging to the Designating Party, the Non-Designating party will provide notification to the Designating Party, and shall make no production of documents, as soon as practicable but no later than within three (3) calendar days of receiving that subpoena or demand. To allow sufficient time for the Designating Party to intervene to protect Confidential or Attorneys' Eyes Only Information from disclosure, the Non-Designating Party shall not respond to any subpoena for ten (10) days following service of the subpoena or, if the Designating Party notifies the receiving party within such ten (10) days that it is challenging the subpoena, until such challenge is finally ruled upon.

16. Nothing in this Order shall limit the Designating Party's rights concerning the Confidential or Attorneys' Eyes Only Information he, she, or it designated. Similarly, nothing in this Order shall limit either Party's right to seek an Order from the Court that would provide (i) Confidential or Attorneys' Eyes Only Information designation to materials outside the scope of this Order; or (ii) different or heightened protections as may be appropriate.

17. This Protective Order shall remain in force and effect until modified, superseded, or terminated by consent of the parties or by further order by the Court. The obligations of this Protective Order shall survive termination of this action.

So Stipulated and Agreed:

| | |
|---|---|
| */s/ Lucas C. Buzzard* | */s/ Matthew W. Lampe* |
| Lucas C. Buzzard | Matthew W. Lampe |
| Leah Seliger | Erika D. Cagney |
| D. Maimon Kirschenbaum | Grace B. Gale |
| JOSEPH & KIRSCHENBAUM LLP | JONES DAY |
| 32 Broadway, Suite 601 | 250 Vesey Street |
| New York, New York 10004 | New York, New York 10281 |
| Tel: (212) 688-5640 | Tel: (212) 326-3939 |
| Fax: (212) 688-2548 | Fax: (212) 755-7306 |
| lucas@jk-llp.com | mwlampe@jonesday.com |
| leah@jk-llp.com | ecagney@jonesday.com |
| maimon@jk-llp.com | ggale@jonesday.com |
| *Attorneys for Plaintiffs* | *Attorneys for Defendant International Business Machines Corporation* |
| Dated: New York, New York | Dated: New York, New York |
| March 27, 2024 | March 28, 2024 |

IT IS SO ORDERED.

Dated: __April 1__, 2024

_____
Honorable Cathy Seibel
United States District Judge

9

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PAMELA WIMBISH and PATRICIA ONKEN,<br><br>    Plaintiffs,<br><br>    v.<br><br>IBM, INC.,<br><br>    Defendant. | Case No. 7:23-cv-08327-CS |

**AGREEMENT TO BE BOUND BY
PROTECTIVE ORDER**

    I have been informed by counsel that certain documents or information to be disclosed to me in connection with the above-captioned matter have been designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" and that such documents and information are confidential by Order of the Court. I hereby agree that I: (i) will not disclose any documents or information contained in such documents to any other person; (ii) will not use any such documents or information for any purpose other than this litigation; and (iii) otherwise agree to be bound by the Protective Order applicable to this matter.

DATED:

_____

Signed in the presence of:

_____
Attorney