# JONES DAY

250 VESEY STREET • NEW YORK, NEW YORK 10281.1047

TELEPHONE: +1.212.326.3939 • JONESDAY.COM

Direct Number: +1.212.326.3496
ecagney@jonesday.com

September 18, 2024

VIA ECF
Hon. Cathy Seibel
U.S. District Court for the Southern District of New York
300 Quarropas Street
White Plains, NY 10601-4150

     Re:    *Pamela Wimbish & Patricia Onken v. IBM, Inc.* (Case No.: 23-cv-8327)

Dear Judge Seibel:

     The Court should reject Patricia Onken and Pamela Wimbish's ("Plaintiffs") request to amend their Complaint to add age-based disparate impact claims under the Age Discrimination in Employment Act ("ADEA") and the New York State Human Rights Law ("NYSHRL"). Plaintiffs lack good cause to amend at this late stage; and in any event, their proposed amendment is futile. Their claims fail as a matter of law and will "not withstand" a Rule 12(b)(6) motion to dismiss. *See Kraiem v. JonesTrading Inst. Servs., LLC*, 571 F. Supp. 3d 53, 59 (S.D.N.Y. 2021) (amendment is futile, and is disallowed, where proposed claim fails as a matter of law).

**BACKGROUND**

     In June 2023, Plaintiffs filed Charges of Discrimination in which they asserted claims for disparate *treatment* based on their spring 2023 selection in a layoff. Plaintiffs stated those same claims in their September 2023 Complaint. ECF No. 1. A year later, at the end of fact discovery, Plaintiffs now seek to amend their Complaint to assert disparate *impact* claims, alleging that the layoff disproportionately impacted those older than 50. ECF Nos. 30, 30-1. Plaintiffs contend that they could not have amended earlier because they "did not have access to the demographic data necessary" to assert their new claims. *Id*. They nonetheless concede that they received the "demographic data" and documents purporting to support their new claims in April 2024. ECF No. 30.

**ARGUMENT**

     Under Fed R. Civ. P. 16(b)(4), plaintiffs seeking to amend their complaint after the deadline set in the scheduling order must demonstrate "good cause[,]" which primarily means that they could not have met the scheduling order deadline despite the exercise of proper diligence. *Thomas v. JPMorgan Chase Bank N.A.*, 2024 WL 3373373, at *2-3 (S.D.N.Y. July 11, 2024) (citation omitted) ("[T]he good cause standard is not satisfied when the proposed amendment rests on information 'that the party knew, or should have known, in advance of the deadline.'"). Only

JONES DAY

Hon. Cathy Seibel
September 18, 2024
Page 2

then may plaintiffs try to meet their burden of demonstrating that they should be permitted to amend under Fed. R. Civ. P. 15(a)(2). *See id.* Granting leave to amend is within the court's discretion and is frequently denied for "undue delay, bad faith or dilatory motive …, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice …, futility of amendment, etc." *Kraiem*, 571 F. Supp. 3d at 59 (citation omitted).

Plaintiffs lack good cause to amend their Complaint at this late stage - over seven months after the Court's January 31, 2024 deadline to amend has expired, ECF No. 21 ¶ 2, and approximately five months after Plaintiffs' received Defendant's initial production of demographic data. Plaintiffs argue that they lacked "demographic data necessary" to "plausibly allege" their disparate impact claim, but at the same time concede that such data was produced in April 2024. Moreover, Plaintiff Wimbish testified in June 2024 that she believed HR Partners, like herself and Plaintiff Onken, who were over 50 years-old were disparately impacted in the layoff. Plaintiffs' delay demonstrates a lack of diligence and thus they lack good cause for their untimely request to amend.

Even assuming good cause, the Court should deny Plaintiffs' request because their disparate-impact claims fail as a matter of law on multiple bases, and thus their proposed amendment is futile.

**<u>First</u>**, Plaintiffs have not exhausted administrative remedies with respect to their federal disparate *impact* claim because their Charges assert only disparate *treatment* claims. ECF No. 30. Disparate *impact* and disparate *treatment* claims are unique, and exhaustion as to one claim does not provide for exhaustion as to the other. *See, e.g.*, *Cerni v. J.P. Morgan Sec. LLC*, 208 F. Supp. 3d 533, 541-542 (S.D.N.Y. 2016) (citation omitted) (collecting cases; "the Second Circuit has held that disparate treatment allegations are not 'reasonably related' to disparate impact claims for purposes of exhaustion"); *see also Woodman v. WWOR-TV, Inc.*, 293 F. Supp. 2d 381, 390 (S.D.N.Y. 2003) (declining to consider amendment due to failure to exhaust disparate impact claim). Having failed to exhaust their administrative remedies as to any disparate-impact claim, their claims fail and Plaintiffs' effort to now plead those claims is futile. 29 U.S.C. § 626(d); *Felder v. U.S. Tennis Ass'n Inc.*, 2018 WL 5621484, at *3 (S.D.N.Y. Oct. 30, 2018).

**<u>Second</u>**, Plaintiffs fail to identify any facially-neutral policy that allegedly caused a disparate impact on a protected class, as they must in order to state a disparate-impact claim under federal or New York law. *Smith v. City of Jackson, Miss.*, 544 U.S. 228, 241 (2005) (citation omitted) (stating it is insufficient to "point to a generalized policy" because plaintiffs are "responsible for isolating and identifying the *specific* employment practices that are allegedly responsible for any observed statistical disparities"); *Doheny v. IBM*, 2024 WL 382142, at *9 (S.D.N.Y. Feb 1, 2024). And as to the specific practice at issue, alleged policies pled in support of a disparate treatment theory cannot, under the law, also support a disparate impact theory. *E.g.*,

Hon. Cathy Seibel
September 18, 2024
Page 3

*Maresco v. Evans Chemetics, Div. of W.R. Grace & Co.*, 964 F.2d 106, 115 (2d Cir. 1992). Allowing plaintiffs to point to the same practice or policy in support of both types of claims is simply a "means to circumvent the subjective intent requirement in any disparate treatment case." *Id*.

Here, Plaintiffs are attempting to do just what courts have specifically prohibited—circumvent the subjective intent requirements of their disparate treatment claim. *See id.*; *see also Shtino v. Aponte*, 1995 WL 396581, at *9-10 (S.D.N.Y. July 6, 1995) ("The Second Circuit has been vigilant in precluding plaintiffs from using disparate impact theory to revive a failing disparate treatment claim."). The "challenged RIF selection practices" that Plaintiffs point to in support of their disparate-impact claims are the *exact same ones* that they have long claimed, and still claim, support their discriminatory treatment claims. ECF No. 30 at p. 3; ECF No. 30-1 ¶ 105. Namely, Plaintiffs point to IBM's "practices governing the selection of individuals to be included in the layoff," including the criteria that IBM used to assess individuals considered for selection in the layoff. ECF No. 30-1 ¶ 141. But these same practices formed the basis of their original disparate treatment claim. Indeed, Plaintiffs' original Complaint alleged that "the Company's attempts to cover its tracks with seemingly neutral criteria for its decisions cannot overcome the obvious pretext of those criteria." *Id*. at ¶ 75. Accordingly, Plaintiffs' proposed amendment is the exact tactic that the Second Circuit prohibits and is therefore futile and should be denied.

**<u>Third</u>**, Plaintiff Wimbish's NYSHRL claim fails because the NYSHRL does not recognize such a cause of action. While New York's Appellate Departments are split on this issue,[1] the Third Department correctly rejects age-based disparate impact claims because the NYSHRL's protected category cut-off is 18 years old. *Matter of Spence v. State Univ. of N.Y.*, 195 A.D.3d 1270, 1274 (3d Dep't 2021) ("However, disparate impact claims are not cognizable under the [NYSHRL]."); *Bohlke v. Gen. Elec. Co.*, 293 A.D.2d 198, 200 (3d Dep't 2002) ("[I]t is impossible for plaintiffs herein to assert an age discrimination claim based upon disparate impact under the [NYSHRL] when all of defendant's employees are over the age of 18 and fall within the protected class."). In this situation, the Court of Appeals would likely rule that age-based disparate impact claims are not cognizable. *Zachary v. BG Retail, LLC*, 2024 WL 554174, at *5 (S.D.N.Y. Feb 12, 2024) (noting where intermediate courts are split on a question of state law, federal district courts must predict the outcome at the Court of Appeals). Consequently, Plaintiff Wimbish's NYSHRL disparate impact claim fails, and allowing her to amend the Complaint to assert that claim is futile.

---

[1] The First and Second Departments allow age-based disparate impact claims, and the Fourth Department has avoided the issue. *Bennett v. Time Warner Cable, Inc.*, 138 A.D.3d 598, 599 (1 Dep't 2016); *Domitz v. City of Long Beach*, 187 A.D.3d 853, 855 (2d Dep't 2020); *Abbey v. Bausch & Lomb, Inc.*, 34 A.D.3d 1244, 1244 (4th Dep't 2006).

JONES DAY

Hon. Cathy Seibel
September 18, 2024
Page 4

                                              Respectfully submitted,

                                              /s/ *Erika D. Cagney*
                                              Erika D. Cagney

cc:  All Counsel of Record (via ECF)

JONES DAY