JONES DAY

250 VESEY STREET • NEW YORK, NEW YORK 10281.1047

TELEPHONE: +1.212.326.3939 • JONESDAY.COM

Direct Number: +1.212.326.3496
ecagney@jonesday.com

December 18, 2025

<u>VIA ECF</u>

Hon. Cathy Seibel
United States District Judge
Southern District of New York
300 Quarropas Street,
White Plains, NY 10601

        Re: *Pamela Wimbish & Patricia Onken v. IBM, Inc.*
          *(Case No.: 23-cv-8327)*

Dear Judge Seibel:

  Today, the parties are filing their respective summary judgment briefing papers, which have been previously served in accordance with the schedule set by the Court. In support of their respective summary judgment papers, the parties are also filing declarations with attached exhibits.[1] Because certain of the exhibits contain sensitive confidential information, the parties write jointly to request leave to file certain documents under seal, and certain documents with redactions.

  The documents the parties seek leave to file under seal and/or with redactions contain proprietary information, individual financial information, private health information, personal

---

[1] As relevant to this letter, Plaintiffs' exhibits are attached to the Declaration of Lucas C. Buzzard (the "Buzzard Declaration"), and Defendant's exhibits are attached to the Declaration of Erika D. Cagney in Support of Defendant International Business Machines Corporation's Memorandum of Law in Support of Motion for Summary Judgment (the "Cagney Declaration"). Defendant is also filing supporting exhibits with the Declaration of Debra Adams (the "Adams Declaration"), the Declaration of Carol Gordon (the "Gordon Declaration"), and the Declaration of Pilar Pons (the "Pons Declaration").

AMSTERDAM • ATLANTA • BEIJING • BOSTON • BRISBANE • BRUSSELS • CHICAGO • CLEVELAND • COLUMBUS • DALLAS
DETROIT • DUBAI • DÜSSELDORF • FRANKFURT • HONG KONG • HOUSTON • IRVINE • LONDON • LOS ANGELES • MADRID
MELBOURNE • MEXICO CITY • MIAMI • MILAN • MINNEAPOLIS • MUNICH • NEW YORK • PARIS • PERTH • PITTSBURGH
SAN DIEGO • SAN FRANCISCO • SÃO PAULO • SHANGHAI • SILICON VALLEY • SINGAPORE • SYDNEY • TAIPEI • TOKYO • WASHINGTON

information and non-party employment history. "[C]ourts have consistently found that confidential commercial information of a business—including confidential research, internal business documents and information about a business's operations are the proper subject of sealing." *PharmacyChecker.com LLC v. Nat'l Ass'n of Bds. of Pharmacy*, 2022 WL 4956050, at *2 (S.D.N.Y. Aug. 26, 2022).

Information regarding financial records, employment history, and sensitive personal data such as private health information is also regularly protected from public disclosure. *See* S.D.N.Y. ECF Rule 21.4 ("Caution should be exercised when filing documents that contain . . . [e]mployment history."); *Valassis Commc'ns, Inc. v. News Corp.*, 2020 WL 2190708, at *1 (S.D.N.Y. May 5, 2020) (citation omitted) ("[f]inancial records of a wholly-owned business, family affairs, [and] illnesses" among matters that "weigh . . . heavily against access"); *Hernandez v. Off. of Comm'r of Baseball*, 2021 WL 1226499, at *12-13 (S.D.N.Y. Mar. 31, 2021) (citing *Oliver Wyman, Inc. v. Eielson*, 282 F. Supp. 3d 684, 707 (S.D.N.Y. 2017)) (granting motion to seal employee performance evaluations and noting that redactions to employee evaluations "would be so broad as to almost entirely negate any public value from their disclosure"); *U.S. v. Amodeo*, 71 F.3d 1044, 1051 (2d Cir. 1995) ("[P]rivacy interests of innocent third parties should weigh heavily in a court's balancing equation . . . Such interests, while not always fitting comfortably under the rubric 'privacy,' are a venerable common law exception to the presumption of access."). The sensitive and confidential nature of such information are "countervailing factors" and "higher values" that outweigh the presumption of public access and "dictate" that these documents should be sealed. *Valassis*, 2020 WL 2190708, at *1.

**JONES DAY**

Hon. Cathy Seibel
December 18, 2025
Page 3

    In line with these authorities, the parties have conferred and have agreed upon the requests outlined below:

    A.    The parties request to file the following documents under seal which have been contemporaneously filed under seal on ECF in accordance with Rule 11(B) of Your Honor's Individual Rules of Practice and the Southern District of New York's Electronic Case Filing Rule 6.7 ("S.D.N.Y. ECF Rule 6.7"): Exhibits A-C to the Pons Declaration, Exhibits A-D to the Gordon Declaration, Exhibit A to the Adams Declaration, Exhibits L, and O-T to the Cagney Declaration, and Exhibits 1-2, and 4-15[2] to the Buzzard Declaration.[3]

| Documents(s) | Description | Reason for Request |
|---|---|---|
| Pons Decl. Exs. A-C[4] | Pons email and email attachments concerning restructuring IBM's HR Partner operating model with Exs. B-C further containing budgetary information | Commercial information |
| Gordon Decl. Ex. A | Gordon talking points concerning changes to IBM's HR operating model | Commercial information |

---

[2] Exhibits Q and T to the Cagney Declaration and Exhibit 7 to the Buzzard Declaration are excel spreadsheets. The parties will file slipsheets for these exhibits under seal and email the Court these exhibits.

[3] Exhibit 1 as cited in Plaintiffs' Statement of Additional Facts in Opposition to Defendant's Motion for Summary Judgment ("PSAF") and as served upon IBM, is listed as Exhibit 2 in the Buzzard Declaration.

[4] Exhibits B-C to the Pons Declaration and Exhibits A-B, and D to the Gordon Declaration were served by IBM upon Plaintiffs with redactions for sensitive commercial information concerning specific headcounts of managers eligible for different levels of HR support at different points in time and under different scenarios. IBM is filing these documents entirely under seal with the as-served redactions because that is how the aforementioned declarants authenticated these documents and because IBM is seeking to file these documents entirely under seal and is therefore not seeking approval to redact information in a publicly filed document pursuant to Rule 11(B) of Your Honor's Individual Rules of Practice. Upon the Court's request, however, IBM will provide it with the un-redacted documents at the same Bates numbers associated with Exhibits B-C to the Pons Declaration and Exhibits A-B, and D to the Gordon Declaration.

Hon. Cathy Seibel
December 18, 2025
Page 4

| Gordon Decl. Ex. B | Gordon email and email attachment concerning planning of new HR Partner operating model | Commercial information |
| --- | --- | --- |
| Gordon Decl. Ex. C | Gordon email correspondence with data custodians concerning certain performance metrics. | Commercial information |
| Gordon Decl. Ex. D | Gordon presentation concerning evolution of IBM's HR operating model | Commercial information |
| Adams Decl. Ex. A | Adams communication concerning selection of non-parties for termination | Commercial information, employment history, personal information |
| Cagney Decl. Ex. L | Performance review of non-party | Employment history |
| Cagney Decl. Ex. O; Buzzard Decl. Ex. 5[5] | Gordon email concerning reduction-in-force planning | Commercial information |
| Cagney Decl. Ex. P | Gordon email concerning reduction-in-force planning | Commercial information, employment history, personal information, attorney-client privilege |
| Cagney Decl. Ex. Q | Spreadsheet containing assessments of employees considered for termination | Commercial information, employment history, personal information |
| Cagney Decl. Ex. R | Gordon email and email attachment concerning assessment of and expectations for HR Partners | Confidential information |
| Cagney Decl. Ex. S | Adams notes concerning assessments of employees considered for termination | Commercial information, employment history, personal information |

---

[5] Exhibit O to the Cagney Declaration and Exhibit 5 to the Buzzard Declaration are the same document.

JONES DAY

Hon. Cathy Seibel
December 18, 2025
Page 5

| Cagney Decl. Ex. T | Spreadsheet containing assessments of employees considered for termination | Commercial information, employment history, personal information |
|---|---|---|
| Buzzard Decl. Ex. 1 | RA Manager Identification Training | Commercial information |
| Buzzard Decl. Ex. 2 | HR Generalist/Partner Town Hall presentation concerning expectations for HR Partners | Commercial information |
| Buzzard Decl. Ex. 4 | Slack messages concerning reduction-in-force business strategy and consideration of non-party employees for termination | Commercial information, employment history, personal information |
| Buzzard Decl. Ex. 6 | Pons and Gordon correspondence concerning reduction-in-force planning | Commercial information |
| Buzzard Decl. Ex. 7 | Assessment excel containing names of employees considered for termination | Commercial information, employment history, personal information |
| Buzzard Decl. Ex. 8 | Personnel file of Dina McDonald | Employment history, personal information |
| Buzzard Decl. Ex. 9 | Personnel files of Plaintiffs | Employment history, personal information |
| Buzzard Decl. Exs. 10-12 | Performance reviews of Plaintiff Pamela Wimbish | Commercial information |
| Buzzard Decl. Exs. 13-15[6] | Performance reviews of Plaintiff Patricia Onken | Commercial information |

  B. The parties request to file the following documents with redactions, which have been contemporaneously filed under seal on ECF with the proposed redactions highlighted in accordance with Practice Rule 11(B) and S.D.N.Y. Rule 6.8:

---

[6] Exhibit 15 to the Buzzard Declaration (Onken Dep. Ex. 25) was produced to Plaintiffs with redactions and authenticated at Plaintiff Onken's deposition with those as-produced redactions, and thus, Plaintiffs do not have an unredacted version to file under seal.

JONES DAY

Hon. Cathy Seibel
December 18, 2025
Page 6

1. Defendant International Business Machines Corporation's Memorandum of Law in Support of Motion for Summary Judgment ("IBM MOL"),

2. Defendant IBM's Statement Of Undisputed Facts Pursuant to Local Civil Rule 56.1 in Support of Motion for Summary Judgment ("SMF"),

3. Plaintiffs' Counterstatement of Facts in Opposition to Defendant's Motion for Summary Judgment ("CSMF"),

4. Plaintiffs' Statement of Additional Facts in Opposition to Defendant's Motion for Summary Judgment ("PSAF"),

5. Plaintiffs' Memorandum Of Law in Opposition to Defendant's Motion for Summary Judgment ("Opp Br."),

6. Defendant International Business Machines Corporation's Reply in Support of Its Motion for Summary Judgment ("IBM Reply"),

7. Defendant International Business Machines Corporation's Response to Plaintiffs' Statement of Additional Facts in Opposition to Defendant's Motion for Summary Judgment (PSAF Resp.),

8. Exhibits A-F, I, K, and U-W to the Cagney Declaration,

9. The Declaration of Patricia Onken, and

10. The Declaration of Pamela Wimbish.

| Document(s) | Description | Reason for Request |
|---|---|---|
| IBM MOL; SMF, CSMF; PSAF; Opp. Br.; IBM Reply; PSAF Resp. | Containing strategy around IBM's HR and HR Partner operating models, budgetary information, reduction-in-force business strategy, and information about non-parties as it relates to their consideration in a reduction-in-force | Commercial information, employment history, personal information |
| Cagney Decl. Exs. A-D | Portions of deposition transcripts of non-parties Carol Gordon, Dina McDonald, Pilar Pons, and Debra Adams containing information on | Commercial information, employment history, personal information. |

JONES DAY

Hon. Cathy Seibel
December 18, 2025
Page 7

|  | IBM business strategy and processes and the consideration and assessment of non-parties for potential termination. |  |
|---|---|---|
| Cagney Decl. Exs. E-F | Portions of deposition transcripts of Plaintiffs Pamela Wimbish and Patricia Onken containing information on IBM business strategy and processes, private health information, financial information, personal information, information on the performance of non-parties and IBM's consideration of non-parties for termination. | Commercial information, financial information, employment history, personal information. |
| Cagney Decl. Ex. I | Wimbish's resume[7] | Personal information |
| Cagney Decl. Ex. K | Names of terminated non-parties in Wimbish Slack messages | Employment information, personal information |
| Cagney Decl. Ex. U | Expert Report of Dr. John Johnson, IV containing information shifts in manager eligibility for HR support | Commercial information |
| Cagney Decl. Ex. V | Expert Report of Dr. Shapiro containing names and birth dates of employees considered in-scope for termination | Commercial information, employment history, personal information |
| Cagney Decl. Ex. W | IBM supplementary interrogatory response containing names and unique identifiers of employees considered in-scope for termination | Commercial information, employment history, personal information |

---

[7] Exhibit I to the Cagney Declaration (Wimbish Dep. Ex. 45) was produced to IBM with redactions and authenticated by Plaintiff Wimbish with those as-produced redactions, and thus, IBM does not have an unredacted version to file under seal.

**JONES DAY**

Hon. Cathy Seibel
December 18, 2025
Page 8

| Wimbish Decl. | Containing information about the resource action review process | Commercial information |
|---|---|---|
| Onken Decl. | Containing information about the resource action review process | Commercial information |

For the above reasons, the parties respectfully request permission to file the documents enumerated in Section A under seal[8] and the document enumerated in Section B with redactions in support of their respective motions for summary judgment.

Respectfully submitted,

/s/ *Erika D. Cagney*
Erika D. Cagney

/s/ *Lucas C. Buzzard*
Lucas C. Buzzard

---

[8] If the parties' request to seal these documents in their entirety is denied, the parties respectfully request the opportunity to propose appropriate redactions to these documents before the documents are unsealed.